**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roberto GONZALEZ,
Defendant-Appellant.**

No. 78–5176
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1978.

Rehearing Denied Nov. 20, 1978.

---

* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Douglas Tinker (Court-appointed), A. Deniz Tor, Corpus Christi, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Defendant was convicted for possessing heroin with the intent to distribute it, and the actual distribution of it to an undercover DEA agent on two separate occasions. 21 U.S.C.A. § 841(a)(1). Defendant's defense was entrapment. On the day before trial defendant filed a motion for a continuance based on the unavailability of a witness, the DEA informant who had introduced defendant to the DEA agent and had been present during the drug transactions. The district judge denied the continuance motion but issued an arrest warrant for the informant as defendant had also requested. We hold that the judge did not abuse his discretion in denying the continuance, since the Government had made a reasonable effort to locate the informant.

Both defendant and the Government agree that in a situation such as this, where the informant's identity is already known to defendant and his testimony may be relevant to defendant's entrapment defense, the Government must make a reasonable effort to locate the informant and produce him at trial. *United States v. Gentile*, 495 F.2d 626, 633–634 n.9 (5th Cir. 1974). *See also United States v. Cervantes*, 542 F.2d 773, 775–776 (9th Cir. 1976); *Velarde-Villareal v. United States*, 354 F.2d 9, 12–13 (9th Cir. 1965). The sole issue here is whether that reasonable effort was made.

The following facts were developed at the hearing on the continuance motion. When defendant's trial was originally set for January 5, 1978, defendant subpoenaed the informant and the United States Marshal served that subpoena on the informant. On January 5, the informant and his attorney came to defense counsel's office. Defense counsel advised the informant that because defense counsel was engaged in another trial, defendant's trial had been postponed until February 1, and the informant would be required to appear on that later date. Several days before the new trial date, defense counsel learned from the informant's attorney that the informant's whereabouts was unknown. Defense counsel therefore obtained another subpoena,

but it was never served because the marshal was unable to locate the informant.

The marshal told the judge that he had gone to the place where he had previously served the informant, had contacted the informant's former employer, and had talked with the informant's mother and attorney, but was unable to locate the informant. The employer told him the informant had quit two weeks before, and the informant's mother said she had not seen him in two weeks. The marshal was unable to get an address or present location for the informant. The DEA case agent said that he had no contact with the informant in the two weeks before trial. The prosecutor stated that he had asked the DEA agents, and their inquiry showed that no one in the DEA or any agency of the Justice Department knew of the informant's whereabouts.

The judge then ordered a recess to allow the marshal to check with the local police department in a further effort to locate the informant. That effort also proved unsuccessful. The Court, therefore, denied defendant's motion for a continuance, but did grant defendant's motion to issue a warrant for the informant's arrest. The court noted that there was no indication that the informant could be found in the foreseeable future. Indeed, defense counsel also "guessed" that it would be difficult to locate the informant.

These facts support the conclusion that the Government made a reasonable effort to locate the informant. The trial judge did not abuse his discretion in refusing to grant the requested continuance, especially since it did not appear likely that the absent witness could be found in the foreseeable future. The court also did not err in denying defendant's alternative motion to order the Government to produce the informant. Since the facts clearly showed that the Government was unaware of the informant's location and had unsuccessfully made a reasonable effort to locate him, such an order would have been useless.

The Government is not required to guarantee an informant's presence at trial. *See, e. g., United States v. Hart,* 546 F.2d 798, 799, 802–803 & n.8 (9th Cir. 1976) (en banc) (citing cases), *cert. denied,* 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 571 (1977).

AFFIRMED.