**UNION INDEPENDIENTE DE EMPLEADOS DE SERVICIOS LEGALES, Plaintiff,**

v.

**PUERTO RICO LEGAL SERVICES, INC., Defendant.**

**No. 82–0710(PG).**

United States District Court, D. Puerto Rico.

Nov. 3, 1982.

---

José E. Carreras Rovira, Carreras, Acevedo & Farinacci, Hato Rey, P.R., for plaintiff.

Rafael Vazquez Colón, San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMINEZ, District Judge.

Present before the Court is a motion for disqualification pursuant to 28 U.S.C. 455(a) and (b)(1), filed on behalf of plaintiff, and a memorandum in support thereof. Plaintiff charges that its attorney of record, José E. Carreras, is a partner and the administrator of the law firm Carreras, Acevedo and Farinacci, and that the undersigned Judge had granted in another proceeding orders of interception of communications of said law firm. As a result of the interceptions, plaintiff presumes that communications between José E. Carreras, Esquire, and Unión Independiente de Empleados de Servicios Legales have been overheard by the Government and further presumes that since the undersigned had received *in camera ex-parte* submission of said interceptions, the undersigned may have gained "personal knowledge of disputed evidentiary facts concerning the proceeding".

Plaintiff moves the Court to assign the present motion to a different judge for decision. Section 455 of 28 U.S.C. includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for

recusal under Section 455, that judge has a duty to recuse himself or herself. *United States v. Sibla,* 624 F.2d 864 (9 Cir.1980).

The legal standard to be applied is found in the judicial disqualification statute. 28 U.S.C. 455 provides in pertinent part:

"Disqualification of justice, judge, or magistrate.

"(a) Any justice judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

"(b) He shall also disqualify himself in the following circumstances:

"(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"

■ Under the provisions of the statute, there are two grounds for disqualification: if the judge's impartiality might reasonably be questioned, or if he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. The "personal bias or prejudice" here alleged is towards plaintiff's attorney, who is not even a party in the proceeding. The bias or prejudice must bear directly on the proceeding in which recusal is sought. *Matter of Searches Conducted on March 5, 1980,* 497 F.Supp. 1283 (E.D.Wis.1980). Furthermore, "(t)he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on same basis other than what the judge learned from his participation in the case. *Berger v. United States,* 255 U.S. 22, 23 [41 S.Ct. 230, 231, 65 L.Ed. 481]." *United States v. Grinell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966), cited and quoted in *United States v. Mirkin,* 649 F.2d 78 (1 Cir.1981).

There is no claim here of prejudice stemming from an extrajudicial source. It has been held that merely prior knowledge by the judge of facts concerning a party is not in and of itself sufficient to require the judge to disqualify himself. *United States v. Patrick,* 542 F.2d 381, 390 (7 Cir.1976),

cert. denied, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977). Moreover, facts learned by a judge while acting in his judicial capacity cannot be the basis for disqualification under this section. *United States v. Patrick, supra; United States v. Bernstein,* 533 F.2d 775, 785 (2 Cir.1976).

Our inquiry is limited to Section 455(a) whether the judge's impartiality might reasonably be questioned. The test for determining impartiality was set forth in *United States v. Cowden,* 545 F.2d 257 (1 Cir.1976), cert. denied, 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977).

■ The proper test, it has been held, is whether the charge of lack of impartiality is grounded· on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of a reasonable man. See also *In Re United States of America,* 666 F.2d 690 (1 Cir.1981).

■ The answer to plaintiff's allegations is that a judge's having granted an order of interception of communications of the law firm Carreras, Acevedo and Farinacci, without more, is not a reasonable basis for questioning his impartiality toward plaintiff or its attorney. Defendant has not cited, nor has this Court, nor the District Court of Pennsylvania in *United States v. Garramone,* 374 F.Supp. 256 (E.D.Pa.1974), been able to discover one case in which a judge was precluded or disqualified from participating in the trial of the case because he had signed an order authorizing the interception of wire communications. Even less so when the judge is asked to be disqualified from participating in the trial of an action to enforce an arbitration award which is not even remotely related with the authorization of the electronic surveillance. In *United States v. Foddrell,* 523 F.2d 86 (2 Cir.1975), cert. denied, 423 U.S. 950, 96 S.Ct. 370, 46 L.Ed.2d 286 (1975), the district judge properly refused to recuse himself on the ground that the trial judge had conducted an eleven-day hearing on wire tapping. In

*United States v. De la Fuente,* 548 F.2d 528 (5 Cir.1977), the Court held that merely presiding at a pretrial suppression hearing to suppress wiretap evidence did not disqualify a judge from conducting the trial on the merits.

Prejudicial exposure to a defendant, or defendants, without more, is not enough to establish bias. *United States v. Parrilla Bonilla,* 626 F.2d 177 (1 Cir.1980). In the present situation the prior judicial exposure is not of a defendant but of the plaintiff's attorney. In *United States v. Parrilla Bonilla, id.,* the First Circuit dismissed all the arguments on the District Judge's alleged bias or prejudice toward defendant therein, attorney Judith Berkan.

WHEREFORE, for the reasons set forth above, there existing no reasons for the Court to recuse itself under either 28 U.S.C. 455(a) or (b)(1), the Court

ORDERS that plaintiff's motion for disqualification must be and is hereby DENIED.

IT IS SO ORDERED.