SOUTHERN AGRICULTURE
COMPANY, Plaintiff,

v.

Thomas H. DITTMER and Refco,
Inc., Defendants.

CINCINNATI & SOUTHWEST
COMPANY, Plaintiff,

v.

Thomas H. DITTMER and Refco,
Inc., Defendants.

Nos. 81–5150, 81–5151.

United States District Court,
W.D. Arkansas,
Fayetteville Division.

Aug. 3, 1983.

E.J. Ball, Fayetteville, Ark., for plaintiffs.

Friday, Eldredge & Clark, Little Rock, Ark., for defendants.

ORDER

WOODS, District Judge.

Complaints in the above styled cases were filed on December 23, 1981. The parties consented to the dispositive jurisdiction of a United States Magistrate and executed consent forms which were prepared in compliance with 28 U.S.C. 636(c) and Local Rule 23(X) of the United States District Courts for the Eastern and Western Districts of Arkansas. Counsel for defendants executed these consent forms on April 15, 1982. The text of the consent form reads as follows:

In accordance with the provisions of 28 U.S.C. § 636(c) the parties to the above-captioned civil proceeding hereby waive their right to proceed before a judge of the United States district court and consent to have a United States Magistrate conduct any and all further proceedings in the case, including but not limited to the trial of the case, and order the entry of judgment in the case. The parties are aware that in accordance with 28 U.S.C. § 636(c)(3), any aggrieved party may appeal from the judgment directly to the United States court of appeals for this circuit in the same manner as an appeal from any other judgment of the district court.

Subsequent to the execution of these consent forms, U.S. District Judge H. Franklin Waters entered orders of reference which referred these matters to Magistrate Ned A. Stewart for disposition and entry of judgment.

These matters are currently scheduled for jury trial before Magistrate Stewart on September 26, 1983. By letter dated July 26, 1983 defendants have requested permission to withdraw their consent to the Magistrate's dispositive jurisdiction. Defendants assert that these cases have "striking similarities" to one disposed of by this court in a jury trial concluded on May 26, 1983 and that substantial judicial economies would be achieved by permitting the defendants to withdraw their consent to dispositive magistrate jurisdiction. The Court disagrees with defendants and finds that no judicial economies would be achieved by permitting such a procedure. Magistrate Stewart has presided over these matters in excess of one year and is very familiar with the factual and legal issues presented. This court would be unable to conduct the jury trial of these cases as scheduled by the Magistrate and if the procedure suggested by the defendants were adopted, a substantial delay would result having the effect of impairing the efficient administration of justice.

Once a matter has been referred to a magistrate under his dispositive jurisdiction, he effectively becomes the district judge for that case. Removal of a magistrate from a case should then be governed by the same rules as a district judge where recusal becomes an issue. 28 U.S.C. § 455.

Subsection (c)(6) of 28 U.S.C. § 636 provides that "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party vacate a reference of a civil matter to a magistrate under this subsection." The Court finds that there are no "extraordinary circumstances" justifying the vacation of the reference of these matters to the magistrate for disposition and therefore, the motion by letter dated July 26, 1983 seeking such vacation is denied.