Cornell FITZPATRICK,
Petitioner-Appellant,

v.

Raymond K. PROCUNIER, Director,
Texas Department of Corrections,
Respondent-Appellee.

No. 84–1225
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1985.

Cornell Fitzpatrick, pro se.

Jim Mattox, Atty. Gen., Renee Y. Smith, Daniel Zemann, Jr., Austin, Tex., for respondent-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Cornell Fitzpatrick was convicted by a Texas state jury of possession of heroin, the conviction was affirmed by the Court of Appeals for the Second Supreme Judicial District, 632 S.W.2d 935 (Tex.App.1982), and discretionary review was denied by the Texas Court of Criminal Appeals. He sought federal habeas relief complaining of an illegal arrest and seizure, destruction of evidence, failure to produce an informant and denial of a continuance. The magistrate's report and recommendation of dismissal was adopted by the district court which granted CPC on the evidence, informant, and continuance issues but denied CPC on the fourth amendment arrest and seizure complaints.[1] Finding neither error of law or fact, we affirm.

---

1. The district court declined CPC on the fourth amendment claims because Fitzpatrick had failed to make a substantial showing of the denial of a federal right. CPC was not sought from this court; those issues are deemed abandoned.

## Facts

While on patrol, Wichita Falls, Texas police officer Douglas Baker was informed by Ivory Anderson that a person in a nearby bar was dealing heroin. Baker believed Anderson to be reliable and asked him to try to make a buy outside the bar. Anderson agreed. Baker called for back-up, other officers arrived and placed the bar under surveillance. Shortly thereafter Anderson and Fitzpatrick exited the bar and stood talking on the adjacent sidewalk. The officers observed Anderson hand money to Fitzpatrick who was holding a small box. As the officers quickly approached, Fitzpatrick dropped the box. The officers placed Fitzpatrick under arrest, confiscating the money and box which contained ten balloons. A field test of the contents of one of the balloons was positive for heroin.

Fitzpatrick was taken to the station for booking. He was observed removing an item from his clothing and surreptitiously placing it in an ashtray. Upon examining the ashtray, an officer found a plastic bag which appeared to contain the same substance as that in the balloons.

The contents of the balloons and plastic bag were examined by a chemist employed by the Texas Department of Public Safety. Chromotography tests revealed the presence of heroin and an unidentified substance which the chemist could not separate and remove. Infrared spectrophotometry tests were run but the results were inconclusive because of the presence of the unknown substance. The DPS chemist sent a sample to the department's Austin laboratory which had more sophisticated equipment. There a gas chromotography/mass spectrophotometry (gs/ms) test disclosed the existence of heroin and aminopyrene, a white crystalline compound. With this identification, the substances were separated and the infrared spectrophotometry test was again run. This time the test confirmed the presence of heroin.

The gs/ms results were produced on computer print-out charts which, in accordance with DPS policy, were discarded after substance identification had been completed.

Fitzpatrick was indicted for possession of heroin with intent to distribute. One year later he was tried. Two days before trial, Fitzpatrick sought a continuance purportedly to locate Anderson who had been subpoenaed by the government two weeks previously but had not been found by the Wichita County Sheriff. The trial court denied the motion and the case proceeded to trial. The jury returned a verdict of guilty of possession of heroin and Fitzpatrick was sentenced to 16 years.

Fitzpatrick contends that he was denied due process because the state destroyed evidence and because the continuance was denied. In addition he contends that his sixth amendment right to confrontation of the informant Anderson was denied and that he was subjected to an illegal arrest and seizure. The magistrate deemed the state's equivocal response in pleadings to be a waiver of exhaustion, citing *McGee v. Estelle*, 704 F.2d 764 (5th Cir.1983). In our en banc reconsideration of *McGee v. Estelle*, 722 F.2d 1206 (5th Cir.1984), we held that "the defense of non-exhaustion is waived by the failure of the state's legal officer to raise it at the

In objecting to the magistrate's report, Fitzpatrick raised a new issue, the alleged bias of the magistrate who was an assistant United States Attorney in 1975 at the time of Fitzpatrick's earlier federal conviction for distribution of heroin. Out of an abundance of precaution the district court returned the matter to the magistrate for consideration in light of Canon 3(C) of the Code of Judicial Conduct. The magistrate advised the court that he had no present memory of the federal conviction and no knowledge of the state conviction other than that emanating from the pleadings and record. The district court considered the complaint untimely; Fitzpatrick was aware of the identity of the magistrate from the time of authorization of IFP and further proceedings but said nothing, *Robinson v. Wade*, 686 F.2d 298, 304 n. 11 (5th Cir.1982). Further, the district court found no showing of prejudice, *United States v. Parrilla Bonilla*, 626 F.2d 177 (1st Cir.1980); and found no connexity between prior and present proceedings, *United States v. Outler*, 659 F.2d 1306 (5th Cir.1981), *cert. denied*, 455 U.S. 950, 102 S.Ct. 1453, 71 L.Ed.2d 665 (1982). We agree.

proper time. Waiver may thus be implicit as well as explicit, the former being more properly termed a forfeiture or a concession." *Id.* at 1213. The state's filings in the district court and its brief before this court are deemed sufficient, under the facts of this case, to constitute a waiver of the exhaustion requirement.

## Analysis

### 1. *Destruction of evidence*

■ Fitzpatrick contends that the destruction of the gs/ms computer print-outs violated the rule of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which mandates disclosure of exculpatory evidence held by the prosecution. *Austin v. McKaskle,* 724 F.2d 1153 (5th Cir.1984). However, due process is not implicated unless the prosecution withholds material evidence which deprives the accused of a fair trial. The claimed evidence in a case such as is here presented, must be sufficient to create a reasonable doubt of guilt. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Ogle v. Estelle,* 641 F.2d 1122 (5th Cir.1981). The Texas courts found that Fitzpatrick's guilt was established dehors the computer charts and the test represented by those charts for two other tests, the thin layer chromotography and infrared spectrophotometry established the presence of heroin. These factual findings are presumed correct. *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Sumner v. Mata,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982). Absent the presumption, the record reflects that the field test and two laboratory tests confirmed the substance as heroin. We are not persuaded that the destroyed charts would have created a reasonable doubt. In addition, it is not shown that the prosecution was in any way involved in the DPS policy or procedure of destroying the computer print-outs upon completion of substance identification. If it has not already been done, it is to be hoped that the DPS will review this policy before constitutional implications do result.

### 2. *Failure to produce witness*

Fitzpatrick contends that his sixth amendment right to confrontation and the right to compulsory process were abridged because Anderson was not produced. The record reflects that two weeks before trial the state sought a subpoena for Anderson. The local sheriff could not effect service.

■ This challenge fails for several reasons. First, "the Government is under no duty to call witnesses even if they are informers." *United States v. Tatum,* 496 F.2d 1282, 1284 (5th Cir.1974). Second, in an instance such as is here presented, when the defense is aware of the identity of an informant, or the court has ordered disclosure of that identity, the prosecutor must make known the informant's name and address and must make a reasonable effort to produce the informant at trial. The government does not labor under an absolute duty to produce an informant whose whereabouts, after diligent search, remain unknown. *United States v. Gonzalez,* 582 F.2d 991 (5th Cir.1978); *United States v. Fallings,* 482 F.2d 1352 (5th Cir.1973). There were outstanding warrants for Anderson's arrest, as well as the subpoena. The sheriff could not execute on either. There is no evidence that the state concealed Anderson or was aware of his location at time of trial. The evidence shows the contrary. There is no merit to this contention.

### 3. *Continuance*

Finally, Fitzpatrick claims the state trial court erred in denying a continuance so he could search for Anderson.

■ The decision on a motion for continuance is within the discretion of the trial judge and denial will justify federal habeas relief only if it is shown to be so arbitrary as to deny the applicant a fair trial. As we noted in *Hicks v. Wainwright,* 633 F.2d 1146, 1148 (5th Cir.1981):

> When a denial of a continuance forms a basis of a petition for a writ of habeas corpus, not only must there have been an

abuse of discretion but it must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process (citations omitted).

We find no evidence of abuse of discretion. In addition to the sheriff's inability to serve the arrest warrants and subpoena, the record contains no suggestion that Fitzpatrick knew where Anderson was or that he might have been more effective than the sheriff's office in locating him. Nor has Fitzpatrick shown any prejudice as a consequence of the denial of a continuance. This he must do. *United States v. Walker*, 621 F.2d 163 (5th Cir.1980). This contention is without merit.

Finally, we note Fitzpatrick's motion for appointment of counsel. Considering the record and briefs before us, no useful purpose would be served by that appointment and the request is denied.

The judgment of the district court is AFFIRMED.