**Roderick C. MacNEIL, Jr., Plaintiff,**

v.

**AMERICOLD CORPORATION, Defendant.**

Civ. A. No. 88–2286–K.

United States District Court,
D. Massachusetts.

March 30, 1990.

Joseph M. Orlando, Mark A. Graces, Orlando & Associates, Gloucester, Mass., for plaintiff.

Stephen Sutton, Bernard Fabricant, Melick & Porter, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

KEETON, District Judge.

In this civil action for damages, the parties agreed to waive their right to a trial before a United States District Judge and instead try this case before a United States Magistrate pursuant to 28 U.S.C. § 636(c)(1). Plaintiff has filed a Motion to Withdraw Case from the Dispositive Jurisdiction of the Magistrate—that is, a motion to vacate the reference of this action to the magistrate pursuant to 28 U.S.C. § 636(c)(6)—and seeks a trial in the district court.

### I. Procedural History

After the parties in this case expressly "waive[d] trial before the District Judge and consent[ed] to a trial before, and the ordering of entry of judgment by, a United States Magistrate," Consent to Trial of Case Before United States Magistrate (Docket No. 40; filed December 11, 1989), this case was referred to Magistrate Cohen for disposition. The parties' Consent included a provision that any appeal from the Magistrate's rulings would be to the First Circuit rather than to this court.

The instant motion to vacate that reference is based, in large part, on the Magistrate's rulings with respect to the parties' "stipulation" concerning disclosure of defendant's witness list. The "stipulation" provided:

> The plaintiff, Roderick C. MacNeil, Jr., will withdraw his Motion for Summary Judgment [Docket No. 6; filed April 21, 1989] in consideration of [sic] defendant, Americold Corporation's, agreement to provide to the plaintiff, by August 29, 1989, the names and identities of all factual witnesses and an affidavit or trial memorandum of what their testimony will be at time of trial.

Stipulation of the Parties (Docket No. 11; filed May 30, 1989). This "stipulation" was never submitted to the court for approval.

On August 29, 1989, in accordance with this "stipulation," defendant served plaintiff with "Defendant's Pre–Trial Brief re: Witnesses" in which defendant stated that its only fact witness would be Leo Kennedy. *See* Plaintiff's Supplemental Memorandum in Support of Motion, ex. D (Docket No. 58; filed February 20, 1990). This document was never filed with the court.

The "stipulation" notwithstanding, Magistrate Cohen entered an Order on October 24, 1989, in which he required disclosure of the parties' witness lists by December 14, 1989. Pre–Trial Order ¶ C(10) (Docket No. 35B).

On December 14, 1989, in accordance with Magistrate Cohen's Order of October 24, 1989, defendant's successor counsel served plaintiff's counsel with its Pre–Trial Memorandum that listed seven fact witnesses in addition to Leo Kennedy. *See* Plaintiff's Supplemental Memorandum, ex. L; Defendant's Pre–Trial Memorandum (Docket No. 43; filed December 19, 1989). Plaintiff thereafter filed a Motion to Enforce Pre–Trial Stipulation (Docket No. 45; filed December 19, 1989) in which plaintiff asked the court to limit defendant to only one fact witness, Leo Kennedy.

This motion was argued before Magistrate Cohen at a pre-trial conference held on December 19, 1989. During the conference, Magistrate Cohen indicated that, because the court never approved the "stipulation," and because plaintiff was not prejudiced by defendant's listing additional witnesses, he would deny the motion to enforce the "stipulation." Trans. (Dec. 19, 1989) at 3–14 (Docket No. 71; filed around Dec. 23, 1989). The Magistrate entered his denial on the docket on January 4, 1990.

Five days later, plaintiff filed a Motion to Withdraw Case from the Dispositive Jurisdiction of Magistrate Cohen along with a supporting brief (Docket Nos. 49 and 50; filed January 9, 1990). Defendant filed an opposition on January 18, 1990 (Docket No. 54).

Magistrate Cohen interpreted the motion as seeking two alternative forms of relief: (1) that the Magistrate disqualify himself pursuant to 28 U.S.C. §§ 144 and 455; or (2) that this court vacate the reference of this case to the Magistrate pursuant to 28 U.S.C. § 636(c)(6). To the extent that the motion was intended as a Motion for Recusal directed to the Magistrate, Magistrate Cohen concluded that the motion was legally insufficient and denied that motion. To the extent that the motion was directed to the district judge pursuant to section 636(c)(6), Magistrate Cohen referred the motion to this court. Memorandum and Order of January 10, 1990 (Docket No. 52). Plaintiff thereafter filed a notice of appeal to the First Circuit (Docket No. 53; filed January 12, 1990).

This court heard oral argument on plaintiff's motion on February 12, 1990. Plaintiff subsequently filed a Supplemental Memorandum in Support of Motion (Docket No. 58; filed February 20, 1989) and defendant filed a supplemental memorandum in opposition (Docket No. 59; filed February 27, 1990). The motion is now ripe for decision.

## II. Motion to Vacate Reference to Magistrate

Section 636(c)(1) authorizes a magistrate to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in a case" upon the consent of the parties, even though magistrates are not Article III judges. *See also* Fed.R.Civ.P. 73(a)-(b); Rule 4(c)(1) for United States Magistrates in the United States District Court for the District of Massachusetts. This delegation of judicial authority to magistrates has withstood constitutional challenge, in part because the district judge retains some control over the case and may vacate the reference to the magistrate at any time, *Goldstein v. Kelleher,* 728 F.2d 32, 35 (1st Cir.), *cert. denied,* 469 U.S. 852, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984), under section 636(c)(6):

> The court may, for good cause shown on its own motion, or *under extraordinary circumstances shown by any party,* vacate a reference of a civil matter to a magistrate under this subsection.

28 U.S.C. § 636(c)(6) (emphasis added). *See also* Fed.R.Civ.P. 73(b) (substituting "district judge" for "court"); Rule 4(c)(6) for United States Magistrates in the United States District Court for the District of Massachusetts.

The section 636(c)(6) motion to vacate reference raises an issue of first impression in this District, and one that has received scant attention elsewhere. *See Murret v. City of Kenner,* 894 F.2d 693, 695 (5th Cir.1990) ("The parameters of the

extraordinary circumstances condition for vacating the reference of a civil matter to a magistrate have yet to be defined"). Moreover, because the constitutionality of section 636(c) rests, in part, on the availability of this procedure for vacating a reference, this question implicates issues that may have constitutional significance.

### A. Conclusions of Law

In my view, and as Magistrate Cohen also recognized, plaintiff's motion raises two separate substantive prayers for relief with procedural differences as well—first, a motion to disqualify Magistrate Cohen directed to the Magistrate, and second, a motion to vacate the reference to a magistrate directed to this court.

■ Several reported decisions have concluded that an allegation that a magistrate is not impartial is one of the factors that the district court may consider in deciding whether to vacate a reference for "extraordinary circumstances." *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1021 (5th Cir.1987) (one factor court should consider in section 636(c)(6) motion to vacate is "the possibility of bias or prejudice on the part of the magistrate"); *Cooley v. Foti*, No. 86–3704 (E.D.La. Feb. 5, 1988) (available on WESTLAW at 1988 WL 10166, at *5) (district court concluded that legally sufficient allegations of Magistrate's bias "constitutes extraordinary circumstances and justifies the withdrawal of the § 636(c) references"); *Miami Valley Carpenters District Council Pension Fund v. Scheckelhoff*, 123 F.R.D. 263, 265 (S.D.Ohio 1988) (Merz, M.) ("One possible use of ... authority [to vacate reference to magistrate for extraordinary circumstances] would be where a magistrate is disqualified under 28 U.S.C. § 144 or 455"); *Ouimette v. Moran*, 730 F.Supp. 473, 480 (D.R.I.1990) (citing *Carter's* list of factors including "possibility of bias or prejudice on the part of the magistrate"). To put it another way, these courts have concluded that allegations that a magistrate to whom a case has been referred under section 636(c)(1) is biased ought to be adjudicated by the district court that referred the case to the magis-

trate, and not by the magistrate himself, and that these allegations, when legally sufficient to compel disqualification, are also sufficient to constitute "extraordinary circumstances."

These precedents are inconsistent with the plain words of the recusal statutes, 28 U.S.C. §§ 144 and 455, and with many decisions interpreting those statutes, which require a movant to present a motion for recusal to the judicial officer whose impartiality is at issue, and not, at least in the first instance, to some other judicial officer. *See* 28 U.S.C. § 455 ("Any ... magistrate of the United States shall disqualify *himself* in any proceeding in which his impartiality might reasonably be questioned") (emphasis added); *United States v. Professional Air Traffic Controllers Organization*, 527 F.Supp. 1344, 1351–52 (N.D.Ill. 1981) ("Although judges have, on occasion, referred the question of their own disqualification to another judge for disposition, we think the better procedure in this case is for the judge presiding over the case to resolve the motion for disqualification since we are in the best position to appreciate the circumstances surrounding the allegations in the affidavits"); *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 963 n. 9 (5th Cir.) (" '[I]t is for the judge who is the object of the affidavit [of bias] to pass on its sufficiency.' '[W]hile the statute undoubtedly permits referring the disposition of an affidavit of bias to another judge, ... the adoption of such a procedure as a general rule would be unwise' ") (citations omitted; brackets and ellipses in original), *cert. denied sub nom., Mead Corp. v. Adams Extract Co.*, 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980); *United States v. Haldeman*, 559 F.2d 31, 131 (D.C.Cir.1976) (en banc; per curiam) ("the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a section 144 challenge"), *cert. denied sub nom. Mitchell v. United States*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250, *reh'g denied*, 433 U.S. 916, 97 S.Ct. 2992, 53 L.Ed.2d 1103 (1977). This principle is as applicable to magistrates as to judges, and as applicable to magistrates asserting dispositive jurisdiction over a

case pursuant to section 636(c)(1) as to magistrates presiding over a case for other reasons.

■ Because the judicial officer whose impartiality is at issue has "the prerogative, if indeed not the duty," to determine the legal sufficiency of the motion for recusal, *Haldeman,* 559 F.2d at 131, I conclude that it was appropriate for Magistrate Cohen to rule on the motion, to the extent that it was a motion for recusal, and that this court should not permit plaintiff to relitigate this issue in the guise of a motion to vacate reference. Moreover, now that the Magistrate has ruled on the motion, the parties may not seek review of his ruling in this court. First, Magistrate Cohen's denial is an interlocutory order and is not appealable until final judgment is ultimately entered. 28 U.S.C. §§ 1291, 1292. Second, even when it is ripe for appeal, under the consent agreement, there is no appellate jurisdiction in this court to review Magistrate Cohen's conclusions. Finally, although the Magistrate's Order may be reviewed by the Court of Appeals through a petition for writ of mandamus, Fed.R. App.P. 21(a), that writ has been abolished in Federal District Court. Fed.R.Civ.P. 81(b). *See also In re Cooper,* 821 F.2d 833, 835 (1st Cir.1987) ("Denials of motions to disqualify are reviewable [by the court of appeals] via mandamus, and relief will be accorded when petitioners show a 'clear and indisputable' right to the writ") (citations omitted); *United States v. Gregory,* 656 F.2d 1132, 1136 (5th Cir.1981) (no appeal from interlocutory order denying motion to disqualify, although movant may, upon showing of "exceptional circumstances," petition court of appeals for writ of mandamus ordering trial judge's recusal).

Requiring allegations of bias to be presented to the magistrate through a motion for recusal, rather than to this court through a motion to vacate reference, is consistent with the manifested intention of Congress. Section 455 explicitly includes a magistrate within the category of judicial officers each of whom is directed to "disqualify *himself* in any proceeding in which his impartiality might reasonably be ques-

tioned." 28 U.S.C. § 455(a). Because this statute applies to any situation in which a magistrate's impartiality is questioned, I conclude that Congress did not manifest an intention to allow litigants to use section 636(c)(6) as an alternate method of removing a magistrate from a case where his impartiality is at issue. *See* S.Rep. 74, 96th Cong., 1st Sess., 14, *reprinted in* 1979 U.S.Code Cong. & Admin.News 1469, 1483 ("The removal power [for extraordinary circumstances under section 636(c)(6) ] is to be exercised *only* where it is appropriate to have the trial before an article III judicial officer because of the extraordinary questions of law at issue and judicial decisionmaking is likely to have wide precedential importance") (emphasis added). Indeed, Congress knew how to require the magistrate to certify certain disputes to the district judge for adjudication, and did not require such certification with respect to allegations that the magistrate should be disqualified. *Cf.* 28 U.S.C. § 636(e) (when party commits act before magistrate that constitutes contempt, magistrate must certify facts to district judge who must adjudicate contempt).

With these legal principles in mind, the court now turns to plaintiff's two asserted grounds for relief: (1) that Magistrate Cohen should be disqualified and that this disqualification forms the predicate for a finding of extraordinary circumstances; and (2) that trial delay is an extraordinary circumstance that warrants vacating the reference.

## B. Alleged Extraordinary Circumstance of Required Disqualification

For the reasons explained in Part II(A), *supra,* this court lacks jurisdiction to hear plaintiff's allegations with respect to Magistrate Cohen's refusal to recuse himself. Nevertheless, even if this court were empowered to review plaintiff's assertion that Magistrate Cohen should be disqualified, either directly by review of the Magistrate's denial of the motion for recusal, or indirectly through the motion to vacate reference, the court would conclude that plaintiff's allegations with respect to Magistrate Cohen's lack of impartiality are legally in-

sufficient to compel disqualification and are insufficient to support a finding of extraordinary circumstances.

This court has reviewed the record in this case, including the transcript from the December 19, 1989 conference, and concludes that it is legally insufficient to support a finding that Magistrate Cohen is disqualified for lack of impartiality. None of Magistrate Cohen's comments during that conference, considered either out of context or in context, provide a reasonable basis for concluding that Magistrate Cohen is not impartial. Plaintiff may have taken umbrage at the way Magistrate Cohen expressed his rulings, but the parties, like the appellate courts, must "expect candid findings and rulings" from judges and magistrates. *United States v. Parrilla Bonilla,* 626 F.2d 177, 181 (1st Cir.1980). Moreover, "clashes between court and counsel are [generally] an insufficient basis for disqualification under either" section 144 or section 455. *Cooper,* 821 F.2d at 838.

Also insufficient to compel disqualification or to support a finding of extraordinary circumstances are plaintiff's allegations regarding the Magistrate's prior adverse rulings:

> First, the magistrate's unhesitant decision to relieve the defendant of the burden of complying with pretrial orders, discovery rules and stipulations whenever they appeared disadvantageous to the defendant has caused plaintiff's counsel in good faith to question the magistrate's impartiality; second, in his disregard of discovery deadlines and rules (Rule 36 in particular) and the parties' pretrial stipulation regarding witnesses' trial testimony, the magistrate has completely ignored the policy and practices of the judges of the District Court of Massachusetts, who unfailingly seek to encourage stipulations and agreements between parties to narrow issues for trial and, in so doing, to conserve judicial resources.

Plaintiff's Supplemental Memorandum at 6–7.

■ Prior adverse rulings, in themselves, cannot form the predicate for disqualification. *Blizard v. Fielding,* 454

F.Supp. 318, 321 (D.Mass.1978) ("It should be self-evident that adverse rulings in themselves do not create judicial partiality. Otherwise, 'there would be almost no limit to disqualification motions and the way would be opened to a return to "judge shopping," a practice which has been for the most part universally condemned' ") (citations omitted) (*quoting Lazofsky v. Sommerset Bus Co.,* 389 F.Supp. 1041, 1044 (E.D.N.Y.1975)), *aff'd sub nom., Blizard v. Frechette,* 601 F.2d 1217, 1222 (1st Cir. 1979) ("of course, adverse evidentiary rulings do not, by themselves, demonstrate bias"). *See also United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966) (to be disqualifying, bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case").

Moreover, with respect to these particular rulings, judicial officers—whether they be judges or magistrates—have broad discretion to fashion discovery and scheduling orders to preserve the rights of the parties and to increase judicial efficiency. Of course, counsel are encouraged to enter into stipulations and agreements that narrow the issues to be presented at trial, but judicial officers are not compelled to accept or enforce those stipulations. Furthermore, the "stipulation" at issue in this case was not the kind that is especially encouraged—that is, it was not a stipulation of facts that narrows the issues in need of adjudication. Rather, this "stipulation" was an agreement between counsel with respect to a time-table for disclosing witness lists that was different from the time-table later set by Magistrate Cohen. The court is not required to defer to such a stipulation.

In this case, Magistrate Cohen has concluded that the interests in providing for a fair trial by allowing both sides to present the merits of the case outweigh plaintiff's partisan interest in limiting defendant's witnesses through the gamesmanship of a pre-trial "stipulation" that was never submitted to the court for approval and that

offered, as its *quid pro quo,* the withdrawal of a motion for summary judgment that appeared meritless. *See* Trans. (Dec. 19, 1989) at 5. Such a ruling, far from being an abuse of discretion, is indeed an appropriate exercise of discretion.

For similar reasons, plaintiff's expectation that Magistrate Cohen will rule against plaintiff on plaintiff's Motion for Reconsideration of Ruling on Plaintiff's Motion to Enforce Pre–Trial Stipulation (Docket No. 55; filed January 16, 1990) is not a legally sufficient ground for disqualification or for vacating the reference. Indeed, Congress directly addressed this issue when it passed section 455:

> [E]ach judge [and, of course, each magistrate,] must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision.... Nothing in this proposed legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Litigants ought not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice.

H.R.Rep. No. 1453, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin.News 6351, 6355.

Accordingly, plaintiff's request that this court disqualify Magistrate Cohen, either directly, or indirectly by vacating the reference, must be denied.

## C. *Alleged Extraordinary Circumstance of Delay*

Plaintiff asserts that he consented to the reference of this case to Magistrate Cohen because plaintiff would benefit from a more rapid disposition of this case before a magistrate than before the district court. Plaintiff now asserts that the benefit of an early trial date has been lost due to the extra burden on Magistrate Cohen caused by the resignation of Magistrate Saris in December 1989. Motion to Withdraw Case ¶ 1.

This asserted ground does not support a finding of an extraordinary circumstance. First, no condition with respect to an early trial date was included in the consent agreement. Second, this case will, in any event, be likely to receive a speedier trial before Magistrate Cohen than it would if it were to be tried before this court. Magistrate Cohen had originally assigned this case a trial date of April 9, 1990 (Order of December 19, 1989; Docket No. 47), although it has now been continued upon plaintiff's motion (Docket No. 72; filed March 27, 1990) until May 14, 1990. Magistrate's Order of March 30, 1990 (Docket No. 73). If the motion to vacate the reference to the Magistrate were allowed, and if the case were then to be tried in the district court, I could not reach this case until at least September 1990, and possibly later. *See Southern Agriculture Co. v. Dittmer,* 568 F.Supp. 645, 646 (W.D.Ark.1983) ("judicial economies" not extraordinary circumstance where "a substantial delay would result" if the district court, rather than the magistrate, had to try the case).

Moreover, and more troubling, the contention that plaintiff seeks to have the reference vacated because of the loss of the early trial date appears frivolous. On October 24, 1989, Magistrate Cohen issued an Order in which he discussed the delay that would be caused by Magistrate Saris' imminent resignation (Docket No. 35A). The consent to the reference to a magistrate, however, was signed by plaintiff's counsel on October 27, 1989, and not filed until December 11, 1989 almost two months *after* the Magistrate's Order. If plaintiff was truly concerned with the loss of an early trial date, plaintiff should not have signed the consent agreement or should not have allowed it to be filed. *Cf. Swallow Turn Music v. Tidal Basin, Inc.,* 581 F.Supp. 504, 510 n. 8 (D.Me.1984).

Accordingly, this factor does not support a finding of extraordinary circumstances, and does not justify vacating the reference of this case to Magistrate Cohen.

## D. *Requested Relief*

Finally, I take note of a fallacy implicit in plaintiff's motion with regard to his

requested relief. Plaintiff asks this court to vacate the reference of this case to the Magistrate on the ground that Magistrate Cohen should be disqualified. If the motion were allowed, plaintiff assumes that he would then be entitled to a trial in the district court.

This assumption is erroneous. Even if plaintiff were correct in his assertion that Magistrate Cohen ought to disqualify himself under section 455, plaintiff has not shown that his remedy would be a vacation of the consent to trial before a magistrate. At most, plaintiff would be entitled to the disqualification of Magistrate Cohen. As long as other magistrates were available in this District, the consent agreement— which provides for "trial before ... *a* United States Magistrate" (emphasis added)— would remain in effect and this case would be referred to another magistrate for trial.

### III. Other Pending Motions

Because I conclude that plaintiff's motion to vacate must be denied, all other pending matters—including Plaintiff's Motion for Reconsideration of Ruling on Plaintiff's Motion to Enforce Pre-Trial Stipulation (Docket No. 55; filed January 16, 1990); Defendant's Motion to Compel Answers to Interrogatories by the Plaintiff (Docket No. 61; filed March 14, 1990); and Defendant's Motion to Compel Responses to Defendant's Request for Production of Documents (Docket No. 62; filed March 14, 1990)—should be referred by the Clerk to Magistrate Cohen for adjudication.

### ORDER

For the foregoing reasons, it is hereby ORDERED:

(1) Plaintiff's Motion to Withdraw Case from Dispositive Jurisdiction of the Magistrate (Docket No. 49) is DENIED.

(2) The Clerk is directed to refer all pending matters, including Docket Nos. 55, 61, and 62, to Magistrate Cohen for adjudication.