United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41271
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME DEION CUTWRIGHT,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
Case No. 9:05-CR-19-1

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Jerome Cutwright appeals (1) the district court's denial of a motion to suppress evidence discovered during a search of his residence and used subsequently to convict him at trial on two counts of possession with intent to distribute cocaine and cocaine base, see 21 U.S.C. § 841(a)(1); and (2) the district court's denial of his request that the government produce a confidential

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

informant.  Finding no error of fact or law, we AFFIRM.

On March 21, 2005, Deputy Bob Lowe of the San Augustine County Sheriff's Department obtained a warrant to search Cutwright's residence, located at Route 5, Box 6420, in San Augustine, Texas.  The warrant was based on information communicated to Deputy Lowe by a confidential informant who had previously provided one of Lowe's colleagues with reliable tips about narcotics trafficking and other criminal offenses on at least five occasions.  The confidential informant told Lowe that he had seen a large amount of bagged cocaine at Cutwright's residence and that Cutwright had made a sale of cocaine in his presence.[**]

Lowe and six other state officers traveled to the residence and knocked and announced their presence but received no response.  After gaining entry, they discovered Cutwright in the rear bedroom and restrained him without incident.  A search of the house revealed: $3,010 in cash from a box in the bedroom; three

---

[**]The relevant portion of the warrant affidavit reads:
[Confidential Informant] advised affiant that, within the past twenty four [sic] (24) hours of the presentment of this affidavit to this Court, [Confidential Informant] had personally been to the residence of JEROME CUTWRIGHT, described herein as the suspected place and premises located at Rt. 5 Box 6420 in San Augustine County, Texas, and had personally observed JEROME CUTWRIGHT in possession of a quantity of cocaine that was possessed for the purpose of sale and distribution. [Confidential Informant] advised that [Confidential Informant] observed JEROME CUTWRIGHT in possession of two (2) plastic bags wrapped with grey tape, weighing approximately two (2) kilos apiece, which contained cocaine. [Confidential Informant] further stated that while [Confidential Informant] was at said residence, [Confidential Informant] observed JEROME CUTWRIGHT conduct a sale and delivery of cocaine.

plastic baggies containing 645 grams of powder cocaine, paper toweling impregnated with white residue, two large wafer-shaped rounds of cocaine base, and $4,725 in cash from the kitchen; 2.31 pounds of marijuana apportioned between three plastic bags hidden in the clothes dryer; digital scales and an additional $1,245 in cash.

Before trial, Cutwright moved to suppress evidence seized during execution of the search warrant. The district court denied the motion. Cutwright also moved that the government be required to disclose the identity of the confidential informant. The court denied the motion as moot because the government had already provided Cutwright with the informant's name and address. The process server hired by Cutwright was unable to locate the informant.

Cutwright was tried before a jury on April 3, 2006, and found guilty on both counts of possession with intent to distribute cocaine and cocaine base. The district court sentenced him to eighty months' imprisonment followed by four years' supervised release on both counts, to be served concurrently. He appeals the district court's denial of both motions.

1. **Denial of the Suppression Motion**

We review factual findings supporting the denial of a suppression motion for clear error and legal conclusions de novo. United States v. Williams, 365 F.3d 399, 403 (5th Cir. 2004)

(citing <u>Ornelas v. United States</u>, 517 U.S. 690, 694-97, 116 S. Ct. 1657, 1660-63 (1996)). We view the evidence in the light most favorable to the prevailing party, here, the government. <u>United States v. Estrada</u>, 459 F.3d 627, 630 (5th Cir. 2006).

When a search warrant is at issue, we use a two-step test in reviewing the district court's denial of a suppression motion. First, we determine whether the good-faith exception to the exclusionary rule applies. <u>United States v. Mays</u>, 466 F.3d 335, 342 (5th Cir. 2006) (citing <u>United States v. Leon</u>, 468 U.S. 897, 922-23, 104 S. Ct. 3405, 3420 (1984)). If the exception applies, we inquire no further whether the warrant was supported by probable cause. <u>Id.</u> Only if <u>Leon</u>'s exception is inapplicable do we proceed to the second step and ask whether the court had a substantial basis for the probable-cause determination. <u>United States v. Hinojosa</u>, 349 F.3d 200, 203 (5th Cir. 2003). Because the instant warrant is facially valid, that second step is unnecessary.

Cutwright contends that the affidavit used to support the search warrant was "bare bones" and that accordingly no reasonable officer could have relied on it in good faith. An affidavit is bare bones "if it is so deficient in demonstrating probable cause that it renders an officer's belief in its existence completely unreasonable." <u>United States v. Cisneros</u>, 112 F.3d 1272, 1278 (5th Cir. 1997). Typically, bare bones affidavits "contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause."

4

*United States v. Pope*, 467 F.3d 912, 920 (5th Cir. 2006) (quoting *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992); *see also* *United States v. Barrington* 806 F.2d 529, 531 (5th Cir. 1986) (affidavit was devoid of specific details and stated only that officer "received information from a confidential informant" known to have provided accurate information in the past).

Deputy Lowe's affidavit is not bare bones. In it, Deputy Lowe swore that the informant related particular details of the contraband at the residence and that the informant had previously identified cocaine and provided accurate information about the location of narcotics on at least five separate occasions. Lowe also knew from personal experience as a San Augustine law-enforcement officer that Cutwright lived at the address provided. This court has held on numerous occasions that warrant affidavits containing sworn testimony substantially similar to Deputy Lowe's are not bare bones. *See* *Satterwhite*, 980 F.2d at 317-18; *United States v. McKnight*, 953 F.2d 898, 904-05 (5th Cir. 1992); *Christian v. McKaskle*, 731 F.2d 1196, 1198 (5th Cir. 1984). The warrant facially provided a good-faith basis upon which the officers could rely. Denial of the suppression motion was not error.

## 2. Denial of Motion to Produce Confidential Informant at Trial

Cutwright next argues that the court erred in denying his motion that the government produce the confidential informant as a witness at trial. We review denial of the motion for an abuse of

discretion.  United States v. Thomas, 348 F.3d 78, 85 (5th Cir. 2003).  No error occurred here.

The presence of the confidential informant at trial was immaterial because the only pertinent information Cutwright alleges the informant had was already contained in the warrant affidavit, which is facially valid.  Even if the informant had knowledge of facts beyond those contained in the warrant affidavit, the government provided Cutwright with the informant's name and last known address.  Cutwright then hired a process server who interviewed several members of the informant's immediate family but was unsuccessful in locating the informant.  "The Government is not required to guarantee an informant's presence at trial."  United States v. Gonzalez, 582 F.2d 991, 993 (5th Cir. 1978).  Since Cutwright was aware of the informant's identity, the government need only have made a reasonable effort to produce the informant.  See Fitzpatrick v. Procunier, 750 F.2d 473, 476 (5th Cir. 1985).  The government's attempts to contact and locate the informant prior to trial satisfy this modest burden.

Finding no error in either of the district court's rulings, we AFFIRM the conviction.