**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Frank FALLINGS, Defendant-Appellant.**

No. 73-1220
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 23, 1973.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I, (5th Cir. 1970).

Murray M. Silver, Atlanta, Ga., Court-appointed, for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Eugene A. Medori, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

John Frank Fallings was convicted on two counts of distributing narcotics in violation of 21 U.S.C.A. § 841(a)(1). His arrests came after an undercover agent working with the federal office of Drug Abuse Law Enforcement, led to the defendant by an informant, made two separate purchases of heroin. We affirm.

(1) Defendant's counsel elicited from Detective Price, a government witness, that positive identification of Fallings was made through the files of the Atlanta Police Department. Motion for mistrial was denied. On appeal, the defendant relies on United States v. Reed, 376 F.2d 226 (7th Cir. 1967), where repeated references by government witnesses to their use of mug shots taken of the defendant while in prison as a means of identification led to reversal. Those revelations were made under direct examination during the Government's case in chief, and no cautionary instructions were given. *Reed* is readily distinguishable: in Fallings' case, the evidence was not presented by the Gov-

ernment, but came on cross examination by the defense. No mention was made of a criminal record or imprisonment. The jury was properly instructed to disregard the reference. Even if this could be considered error, its prejudicial effect was removed when defendant took the stand and testified as to his previous felony conviction. *See* Lloyd v. United States, 412 F.2d 1084, 1087 (5th Cir. 1969).

(2) Defendant contends that the Government should have produced the informant. When the District Court decided that the identity of the informer was required under Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L. Ed.2d 639 (1957), the Government promptly divulged the informer's name. His whereabouts were unknown to the Government. The Government was under no obligation to produce the informant. *See* Clingan v. United States, 400 F.2d 849 (5th Cir. 1968). The defendant admitted knowing the informant, but could not locate him. No request was made of the Government to assist in locating the informant.

(3) The trial court did not err in refusing to grant defendant's request to charge the jury that an officer has the duty to arrest without a warrant for a crime committed in his presence. Defendant alleges that the failure to arrest him after the first sale resulted in an "entrapment" to build a long prison record. The Government agents, making more than one purchase were attempting to determine whether the defendant was in fact a dealer in drugs. This is consistent with good law enforcement. In any event, the defendant received concurrent sentences on the two convictions.

Affirmed.