**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Miguel SUAREZ, Defendant–Appellant.**

No. 90–5398.

United States Court of Appeals,
Eleventh Circuit.

Aug. 23, 1991.

---

Roy J. Kahn, Miami, Fla., for defendant-appellant.

Linda Collins Hertz, Anne Ruth Schultz, and Peter Prieto, Miami, Fla., for plaintiff-appellee.

Before EDMONDSON, Circuit Judge, RONEY\*, Senior Circuit Judge, and PITTMAN\*\*, Senior District Judge.

RONEY, Senior Circuit Judge:

Convicted of firearms violations, defendant Miguel Suarez appeals (1) the Government's refusal to provide him with the location of a confidential informant, alleging that the Government's negligent concealment of the informant's whereabouts violated his Sixth Amendment right to compulsory process of witnesses, and (2) the district court's imposition of sentence based on an upward departure from the prescribed guideline range, alleging that the district court failed to sufficiently articulate its reasons for the departure. We affirm.

### Sixth Amendment Claim

On November 6, 1989, defense counsel submitted a Motion for Disclosure of the Identity and Location of the Confidential Informant who had arranged the unlawful firearms transaction between the defendant and Agent Alejandro of the U.S. Treasury Department, Bureau of Alcohol Tobacco and Firearms. The basis for the motion was the defendant's desire to present an entrapment defense.

At a calendar call on November 8, the assistant United States attorney acknowl-

edged that the informant was an essential witness for both the Government and the defense, and informed the court that the Government intended to call the informant as a witness. After the court granted defendant's disclosure motion, the informant's name was disclosed to the defense. His whereabouts were withheld upon the condition that the Government would produce him at trial, originally scheduled for November 17.

After both parties were granted continuances, trial was rescheduled for February 13, 1990. Approximately two weeks prior to trial, the Government began its attempt to locate the informant. The day before trial, the Government sought a second continuance because of its inability to locate the informant. This continuance was granted and trial was rescheduled for March 5, 1990. Subsequently, the Government was unable to locate the informant and on March 5, defendant requested a continuance so that he might attempt to locate him. This request was denied after defense counsel conceded that he was in no better position to locate the informant than the Government. Defendant then filed a motion to dismiss based on the Government's negligent failure to produce the informant. The trial court held an evidentiary hearing on the Government's efforts to produce the informant and found that the Government had not been negligent. Defendant was subsequently tried and convicted.

Defendant argues that the Government violated the mandate of *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), by failing to disclose the whereabouts of the confidential informant immediately after defendant's disclosure motion was granted. In *Roviaro*, the Supreme Court held that the Government is required to disclose an informant's identity when the informant's communications with the defendant are relevant and helpful to the defense of the accused. "Whether ... nondisclosure [is]

\* *See* Rule 34–2(b) Rules of the U.S. Court of Appeals for the Eleventh Circuit.

\*\* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

erroneous [,however,] must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors." *Id.* at 62, 77 S.Ct. at 629. The record reflects that defendant raised no objection at the time the Government disclosed only the informant's name and under the circumstances of this case, any error in the Government's nondisclosure was neither properly preserved nor fundamental. In any event the Government is not required to disclose the informant's whereabouts if the Government agrees to produce the informant when requested by the defense. *United States v. Tornabene,* 687 F.2d 312, 314 (9th Cir. 1982). *See also United States v. McDonald,* 935 F.2d 1212 (11th Cir.1991) (failure to give access to confidential informant and not producing informant for interview by defendant until day of trial did not violate due process or fundamental fairness).

 Once the Government failed to produce the confidential informant at trial as agreed, there is a question as to whether its efforts to secure his attendance were insufficient to the point of negligent concealment. When the confidential informant's identity is previously known by the defendant and his testimony may be relevant to the defendant's entrapment defense, the Government must make a reasonable effort to locate the informant and produce him at trial. *United States v. Gonzalez,* 582 F.2d 991, 992 (5th Cir.1978) (*citing United States v. Gentile,* 495 F.2d 626, 633–634 n. 9 (5th Cir.1974)).[1] Additionally, when the informant disappears after the Government has agreed to provide him at trial, the Government bears the burden of demonstrating *first,* that it did not cause the disappearance, and *second,* that it made a reasonable effort to locate the informant for trial. *United States v. Pizarro,* 717

F.2d 336, 343 (7th Cir.1983); *see also United States v. Tornabene,* 687 F.2d 312, 315 (9th Cir.1982); *United States v. Ariza–Ibarra,* 651 F.2d 2, 10–11 (1st Cir.), *cert. denied, Ariza–Ibarra v. United States,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981). The Government does not have an absolute duty to produce an informant whose whereabouts, after diligent search, remain unknown. *Fitzpatrick v. Procunier,* 750 F.2d 473, 476 (5th Cir.1985) (citing *United States v. Gonzalez,* 582 F.2d 991 (5th Cir.1978); *United States v. Fallings,* 482 F.2d 1352, 1353 (5th Cir.1973)).

 The district court, after holding an evidentiary hearing, concluded that the Government had met both of its burdens: the Government did not cause the informant's disappearance, and the Government's efforts to locate the informant were reasonable. The defendant conceded that there was no indication that the Government had caused the informant's disappearance. The district court noted that the informant was equally as important to the Government as the defendant.

At the evidentiary hearing the case agent, Agent Alejandro, testified concerning his efforts to locate the informant during the two weeks prior to trial. His efforts included: attempting to contact the informant at a telephone number the informant had previously provided; calling the informant's beeper number; driving to the informant's last known address; and driving to the addresses of two of the informant's friends.

After defendant's trial was continued, upon the Government's request, from February 13th to March 5th, the Government continued its efforts to locate the informant. Agent Alejandro contacted the United States Secret Service and the Florida Department of Corrections to see if they could assist him in locating the informant.

---

**1.** *See also Roviaro,* 353 U.S. at 60–61, 77 S.Ct. at 627–28; *United States v. Brito,* 721 F.2d 743, 748 (11th Cir.1983); *United States v. Muse,* 708 F.2d 513, 514 (10th Cir.1983); *United States v. Hart,* 546 F.2d 798, 800–01 (9th Cir.1976), *cert. denied sub nom., Robles v. United States,* 429 U.S. 1120,

97 S.Ct. 1155, 51 L.Ed.2d 571 (1977); *United States v. Cervantes,* 542 F.2d 773, 775–776 (9th Cir.1976); *United States v. Fallings,* 482 F.2d 1352, 1353 (5th Cir.1973); *Velarde–Villareal v. United States,* 354 F.2d 9, 12–13 (9th Cir.1965).

He went to bars and restaurants the informant supposedly frequented.

Four days prior to the March 5th trial date, the informant's probation officer, with whom Agent Alejandro had kept in close contact, called the agent and told him that the informant had called. According to Agent Alejandro's previous instructions, the probation officer told the informant to call the agent immediately. The informant never called, however, the probation officer was able to provide the agent with the new address and telephone number that the informant had given. The agent called the informant's new telephone number repeatedly, but was unable to reach him. He also drove to the new address on two different occasions but found no one at home. In sum, all of the agent's efforts were unsuccessful.

Based on this evidence, the district court was not clearly erroneous in finding that the Government had made a reasonable effort to locate the informant for trial. The question remains as to whether the Government's failure to serve the informant with a subpoena when it knew his whereabouts was negligent. Even assuming that defendant would have been available if under early subpoena, there is no duty to put a witness under subpoena until the Government has some indication that the witness might otherwise not be present. The district court noted that until the Government began having difficulty attempting to locate the informant in early February of 1990, the Government "had no idea he was going to disappear." Indeed, the record establishes that before February of 1990, the informant had appeared for pretrial conferences with the prosecutor and the case agent. Consequently, there was no reason to anticipate or suspect that the informant would fail to appear. In short, "the government used reasonable efforts to [locate the informant] as soon as it knew that his appearance was doubtful or problematic, which is all that is required of it." *United States v. Muse*, 708 F.2d 513, 515 (10th Cir.1983).

Defendant has cited no case, and we are able to find none, which requires the Government to subpoena witnesses who have given every indication of being available for trial.

### Guideline Departure

Suarez contends that the district court incorrectly sentenced him beyond the range permitted under the Sentencing Guidelines. He was convicted of possession and transfer of an unregistered and unserial-numbered firearm silencer, 26 U.S.C. §§ 5861(d), (e), and (i), and § 5871; conspiracy, 18 U.S.C. § 371, and being a Felon in Possession of a firearm, 18 U.S.C. § 922(g)(1). He was sentenced to 60 months imprisonment and three years of supervised release. Suarez contends that the trial court failed to sufficiently state its reasons for upwardly departing from the guidelines by failing to state the specific aspects of his criminal history not adequately taken into account by the guidelines in determining his criminal history category.

Under 18 U.S.C. § 3553(c)(2), when a district court departs from the applicable guideline range, it must state the specific reasons for its departure. *United States v. Mourning*, 914 F.2d 699, 708 (5th Cir. 1990); *United States v. Ramirez Acosta*, 895 F.2d 597, 601 (9th Cir.1990); *United States v. Rodriguez*, 882 F.2d 1059, 1066 (6th Cir.1989). The district court's reasons must be sufficiently specific so that an appellate court can engage in the meaningful review envisioned by the Sentencing Guidelines. *See* 18 U.S.C. § 3742; *United States v. Wells*, 878 F.2d 1232, 1233 (9th Cir.1989).

The sentencing guideline range for Suarez was 41 to 51 months. The district court sentenced Suarez to 60 months concurrent; nine months above the guideline range. The district court stated:

> After consideration of the statements of all parties *and a review of the presentence investigation*, the court shall depart from the prescribed guideline range.

> The defendant violated the law on numerous occasions. The severity of his criminal history has not been adequately

considered in determining his guideline imprisonment range. (emphasis added).

In finding that Suarez' criminal history score did not adequately reflect his criminal history, the district court indicated that it had reviewed the PSI. The PSI recited that upward departure was authorized because Suarez' criminal history score underrepresented the seriousness of his criminal history. The PSI specifically stated that Suarez had a criminal history category of VI, which is the highest criminal category in the guidelines. The PSI also stated that Suarez had 17 criminal history points, but

> two points were not counted as they are consolidated for sentencing on 3–28–88. In applying those points, Mr. Suarez would have a criminal history category of VIII, or 19 criminal history points. As category VI offense level of 15 has a 10 month difference in the upper and lower range of the guidelines, 10 months would also be used in increasing the range between each category. With a criminal history category of VIII and offense level of 15, Mr. Suarez' guideline range would be 61 to 71 months.

■ When evaluating a district court's reasons for imposing a particular sentence, an appellate court may consider the record from the entire sentencing hearing and need not rely upon the district court's summary statement made at the closing of the sentencing hearing. *See United States v. Jones,* 908 F.2d 365, 368 (8th Cir.1990); *United States v. Wivell,* 893 F.2d 156, 158 (8th Cir.1990). In this case, a review of the transcript of the sentencing proceedings and the PSI allows this Court to engage in the meaningful review envisioned by the Sentencing Guidelines. We thus hold that the district court sufficiently articulated its reasons for departing upward and thereby complied with 18 U.S.C. § 3553(c)(2).

■ The upward departure itself was reasonable. A district court's decision to depart from the applicable guideline range pursuant to § 4A1.3, and the amount of the actual departure, is reviewed for reasonableness. *United States v. Armstrong,* 901 F.2d 988, 989 (11th Cir.1990) (citing 18 U.S.C. § 3742(f)(2)). Under U.S.S.G.

§ 4A1.3, an upward departure is justified if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant would commit other crimes." *Armstrong,* 901 F.2d at 989 (quoting U.S.S.G. § 4A1.3).

The district court's factual findings concerning Suarez' criminal history are supported by the record and are not clearly erroneous. *United States v. Campbell,* 888 F.2d 76, 78 (11th Cir.1989), *cert. denied sub nom., Blige v. United States,* —— U.S. ——, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990). Based on those findings, the departure in sentencing was reasonable.

AFFIRMED.