[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2006
THOMAS K. KAHN
CLERK

No. 05-13935
Non-Argument Calendar

_____

D. C. Docket No. 04-00307-CR-2-KOB-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ANGELA CHEEK MONTGOMERY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 7, 2006)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

The government appeals the district court's sentence of eight months'

imprisonment imposed on Angela Cheek Montgomery, following her conviction for bank fraud in violation of 18 U.S.C. § 1344(1). The government argues that the district court did not give sufficient reasons for the sentence it imposed in compliance with 18 U.S.C. § 3553(c)(2) such that we cannot engage in meaningful appellate review and that Montgomery's sentence is unreasonable in light of both the record and the sentencing factors contained in 18 U.S.C. § 3553(a).[1]

## I.

Under 18 U.S.C. § 3553(c)(2), a district court must state sufficiently specific reasons for its departure from the applicable guidelines range so that an appellate court can engage in meaningful review. United States v. Suarez, 939 F.2d 929, 933 (11th Cir. 1991). "When evaluating a district court's reasons for imposing a particular sentence, [we] may consider the entire sentencing hearing and need not rely upon the district court's summary statement made at the closing of the sentencing hearing." Id. at 934. We have long mandated sufficient findings to permit meaningful appellate review and have vacated with directions when that was not the case. See United States v. Butler, 41 F.3d 1435, 1437 (11th Cir. 1995)

---

[1] Montgomery argues that we do not have jurisdiction over this appeal because the government did not submit evidence that it had obtained proper approval to prosecute this appeal pursuant to 18 U.S.C. § 3742(b). This argument is without merit. See United States v. Abbell, 271 F.3d 1286, 1290 n.1 (11th Cir. 2001) (noting that the requirement that the government obtain approval under § 3742(b) to prosecute an appeal is not jurisdictional).

(vacating sentences and remanding for further proceedings because the district court did not make sufficient factual findings to permit meaningful appellate review).

United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), made the sentencing guidelines advisory and subjected sentences to an unreasonableness review on appeal. Booker, 125 S.Ct. at 764-66. In sentencing, district courts must still consult the guidelines and correctly calculate the guidelines range. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (citing Booker). After doing this, the district court must consider the sentencing factors in § 3553(a) to determine a reasonable sentence, which may be more severe or more lenient than that provided for in the guidelines range. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005); Crawford, 407 F.3d at 1179. Nothing in Booker altered the § 3553(c)(2) requirement that a district court state reasons for its departure from the applicable guidelines range. The district court is obligated to give reasons for its departure from the guidelines, but does not have to give specific reasons for each § 3553(a) factor it considered in arriving at a reasonable sentence. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (noting that a district court's statement that it considered the defendant's arguments and the § 3553(a) factors alone is sufficient in a post-Booker sentence) (sentence imposed

3

within guideline range).

Because the district court specifically identified the procedure it followed to determine Montgomery's sentence and gave reasons for the sentence it imposed, we can engage in meaningful appellate review. The district court correctly calculated the guidelines range in compliance with Booker, took the range under advisement, rejected it, and instead imposed a discretionary sentence, which it found to be reasonable based on several specific factors in § 3553(a). In addition to the statement made by the district court, an examination of the sentencing transcript and the PSI allows us to review Montgomery's sentence to determine if it is unreasonable in light of the § 3553(a) factors. The district court made clear that it was going below the guideline range based on its post-Booker discretion and consideration of several factors in § 3553(a). Thus, the district court gave sufficient justifications for its sentence in compliance with § 3553(c)(2) and Scott, and we can engage in meaningful appellate review.

## II.

After the district court has accurately calculated the guideline range, it "may impose a more severe or more lenient sentence" that we review for reasonableness. Crawford, 407 F.3d at 1178-79. Such review is deferential, requiring us to "evaluate whether the sentence imposed by the district court fails to achieve the

purposes of sentencing." Talley, 431 F.3d at 788. Moreover, the reasonableness standard is applied to the ultimate sentence, not each individual decision made during the sentencing process. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).

In reviewing a sentence for reasonableness, we should be guided by the factors in 18 U.S.C. § 3553(a). Winingear, 422 F.3d at 1246. Relevant factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from other crimes by the defendant, and the need to provide defendant with needed medical care; (3) the available sentences; and (4) the guidelines range. 18 U.S.C. § 3553(a)(1)-(4). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in § 3553(a)." Talley, 431 F.3d at 788.

District courts do not need to establish the reasonableness of the sentences they impose by explicitly considering every factor from § 3553(a) on the record; some indication in the record that the court adequately and properly considered appropriate factors in conjunction with the sentence will be sufficient. Scott, 426

5

F.3d at 1329 (imposing sentence at low end of guidelines range).

Here, the district court indicated that it considered several specific § 3553(a) factors in imposing Montgomery's sentence, including the seriousness of the offense (which the court thought was overstated by the guidelines range), just punishment, adequate deterrence, the history and characteristics of Montgomery, the need to provide restitution, and the need to provide the defendant with needed medical care for her mental illness.

Based on the § 3553(a) factors, Montgomery's sentence is reasonable. For instance, this crime was Montgomery's first and only offense. Restitution was an important component in providing punishment for the offense, and the district court recognized this in ordering Montgomery to pay a large amount of restitution and sentencing her to the maximum five years of supervised release in order to make restitution payments. Based on her lack of a criminal history, Montgomery is unlikely to commit further crimes in the future such that she would need a lengthy period of incarceration to protect the public. The record also indicates that Montgomery had a history of mental illness, which the district court took into account in fashioning its sentence. Finally, the eight-month sentence imposed was available after <u>Booker</u> because the district court was free to impose a sentence below the applicable guideline range after it had been calculated correctly.

Based on the foregoing, the sentence is reasonable and we affirm the district court.

**AFFIRMED.**