[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13311
Non-Argument Calendar
_____

D.C. Docket No. 6:02-cr-00128-LSC-SGC-1

UNITED STATES OF AMERICA,

                                                      Plaintiff - Appellee,

versus

FELIX M. ROGERS,
a.k.a. Felix Rogers,

                                                      Defendant - Appellant.

_____

No. 15-15062
Non-Argument Calendar
_____

D.C. Docket No.  2:14-cr-00342-LSC-HGD-1

UNITED STATES OF AMERICA,

                                                      Plaintiff - Appellee,

versus

FELIX M. ROGERS,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(October 21, 2016)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Felix Rogers appeals his conviction and 60-month sentence for failing to update his registration information as required under the Sex Offender and Registration Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Rogers also appeals his 24-month sentence, imposed -- pursuant to 18 U.S.C. § 3583(e) -- upon revocation of his supervised release.  No reversible error has been shown; we affirm.

Rogers was convicted in 2003 of two federal sex offenses, for which he was sentenced to 97 months' imprisonment and 3 years' supervised release.  After serving his term of imprisonment, Rogers moved into his brother's house in

2

Alabama and began his term of supervised release. In May 2011, Rogers registered as a sex offender in Jefferson County, Alabama. On his registration form, Rogers listed his address as being his brother's house. Rogers also listed himself as unemployed. On 31 October 2011, Rogers updated his registration information, reflecting that he was then employed by CLP Resources.

In mid-November 2011, Rogers moved out of his brother's house. Rogers failed to notify either his probation officer or Jefferson County of his move. Law enforcement officers were unable to locate Rogers during their initial investigation, but later learned in 2014 that Rogers was living in Mexico. Rogers was arrested ultimately in March 2015, when he attempted to reenter the United States from Mexico.

Following a jury trial, Rogers was convicted of failing to update his registration under SORNA. The district court also revoked Rogers's supervised release based on Rogers's failure to submit monthly reports to his probation officer and based on Rogers's violation of Alabama's sex offender laws. Rogers was sentenced to 60 months for his SORNA-related offense and to 24 months for his supervised release violation. The sentences are to be served consecutively.

On appeal, Rogers contends that insufficient evidence exists to support his conviction under section 2250(a). Rogers also challenges his above-guidelines sentences as substantively unreasonable.

3

I.

We review de novo a defendant's challenge to the sufficiency of the evidence, "view[ing] the evidence in the light most favorable to the government and draw[ing] all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Klopf, 423 F.3d 1228, 1236 (11th Cir. 2005). "The evidence is sufficient to support a conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. (emphasis in original) (quotations omitted). "Where the government relies on circumstantial evidence, reasonable inferences, and not mere speculation, must support the jury's verdict." Id. (quotations omitted).

At trial, the parties stipulated both that Rogers was a "sex offender" for purposes of SORNA and that Rogers was required to register under SORNA. Thus, to obtain a conviction for violation of section 2250(a), the government had to prove only that Rogers knowingly failed to register or to update his registration as required by SORNA. See 18 U.S.C. § 2250(a). Under SORNA, a sex offender is required to register and to "keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is

4

a student."  42 U.S.C. § 16913(a).  To keep his registration current, a sex offender must appear in person -- "not later than 3 business days after each change of name, residence, employment, or student status" -- to update all changes to his registration information.  Id. § 16913(c).

Evidence introduced at trial demonstrates that (1) in May 2011, Rogers's registration listed him as unemployed; (2) in October 2011, Rogers updated his registration to reflect that he was then employed by CLP Resources; (3) a recruiter with CLP Resources testified that Rogers worked for the company for about five or six months; (4) the recruiter testified that he last spoke with Rogers in Fall of 2011; and (5) in mid-November 2011 Rogers moved out of the house that he had listed as his place of residence.

The government contends this evidence is sufficient to demonstrate that Rogers remained in Alabama for some time after moving out of his brother's house and before moving to Mexico.  As a result, the government asserts that Rogers's failure to update his change of residence violated SORNA.[1]  Viewing the evidence in the light most favorable to the government, it is reasonable to infer that Rogers began working for CLP Resources in October 2011 (when he updated his employment status on his registration) and that Rogers continued working for CLP

---

[1] In the light of the Supreme Court's recent decision in Nichols v. United States, 136 S. Ct. 1113 (2016), the government has abandoned expressly its argument that Rogers was required by SORNA to report to Alabama his change of residence to Mexico.

Resources for five or six months. Under that construction of the evidence, Rogers remained employed within Alabama -- and thus, subject to SORNA's registration requirements -- until March or April of 2012: well after he moved his residence in mid-November 2011. Because a rational trier of fact could have found beyond a reasonable doubt that Rogers failed to update his registration within three days of changing his residence, despite continuing to live and work in Alabama, sufficient evidence exists to support Rogers's conviction. See Klopf, 423 F.3d at 1236.

On appeal, Rogers disputes the government's construction of the evidence. Rogers argues, instead, that the evidence could also support a reasonable alternative inference that he began working for CLP Resources in the summer of 2011, worked for five or six months until mid-November 2011, and then moved out of his brother's house and moved directly to Mexico. Rogers concedes, however, that under his alternative interpretation of the evidence, he failed to update his change of employment within three days of beginning work for CLP Resources. Thus, sufficient evidence still exists from which a rational trier of fact could have found beyond a reasonable doubt that Rogers failed to comply with SORNA's registration requirements.

Although the evidence does not demonstrate conclusively when Rogers began working for CLP Resources or when Rogers in fact moved to Mexico, "[t]he jury is free to choose between or among the reasonable conclusions to be drawn

6

from the evidence presented at trial." <u>See United States v. Molina</u>, 443 F.3d 824, 828 (11th Cir. 2006). "The prosecution need not rebut all reasonable hypotheses other than guilt." <u>Id</u>. Viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict, sufficient evidence exists to support Rogers's conviction under either reasonable construction of the evidence.

On appeal, Rogers also contends that the government failed to present adequately to the jury the theory that Rogers violated SORNA by failing to update his employment status. We have said that we will not affirm a criminal conviction based on a theory not contained in the indictment or not presented to the jury. <u>United States v. Elkins</u>, 885 F.2d 775, 782 (11th Cir. 1989). But "that simply means that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." <u>United States v. Hill</u>, 643 F.3d 807, 859-60 (11th Cir. 2011) (quotations omitted).

Here, the indictment charged Rogers with failing to update his registration as required by SORNA "by failing to appear in person in at least one jurisdiction in which the defendant was required to be registered and inform that jurisdiction of <u>all changes in the information required, including, but not limited to, the defendant's residence</u>." (emphasis added). The indictment encompassed clearly both theories of guilt: that Rogers violated section 2250(a) by failing to update

7

properly either his change of residence or his change of employment.  Rogers was,

thus, not convicted of a charge not contained in the indictment nor did the

indictment fail to provide Rogers adequate notice of the charges against him.[2]

Because a rational trier of fact could have found beyond a reasonable doubt

that Rogers -- in violation of section 2250(a) -- failed to update his registration

under SORNA, we affirm Rogers's conviction.

## II.

We review the substantive reasonableness of a sentence -- whether one

inside or outside the guidelines range -- under a deferential abuse-of-discretion

standard.  Gall v. United States, 128 S. Ct. 586, 597 (2007).  The party challenging

the sentence bears the burden of showing that the sentence is unreasonable in the

light of the record and the 18 U.S.C. § 3553(a) factors.  United States v. Pugh, 515

F.3d 1179, 1189 (11th Cir. 2008).

---

[2] Rogers presents no substantive argument challenging the variance between the dates charged in the indictment (charging Rogers with failing to update his registration beginning "on or about" 22 December 2011), and the date that Rogers allegedly failed to update either his change in residence (mid-November 2011), or his change in employment (summer of 2011).  Arguments not raised "plainly and prominently" on appeal are abandoned.  United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).  Moreover, the discrepancy in the date of Rogers's charged offense would not warrant reversal.  See United States v. Harrell, 737 F.2d 971, 981 (11th Cir. 1984) ("A variance between dates alleged and dates proved will not trigger reversal . . . as long as the date proved falls within the statute of limitations and before the return date of the indictment.").

When a sentence is above the guidelines range, we "may consider the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation omitted). "We may vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation omitted). "[T]hat we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." Id. (quotation omitted).

Rogers has failed to demonstrate that his above-guidelines sentences are substantively unreasonable. As an initial matter, Rogers's total sentence of 84 months is well below the total statutory maximum sentence of 144 months. See United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (affirming an upward variance in part because the ultimate sentence was appreciably below the statutory maximum sentence). That the district court varied upward by 10 and 19 months over Rogers's advisory guidelines ranges of 8 to 14 months and 33 to 41 months, respectively, demonstrates no clear error of judgment: we have affirmed as reasonable upward variances of similar or greater degrees. See, e.g., United States

v. Tome, 611 F.3d 1371, 1378-79 (11th Cir. 2010) (affirming a 24-month sentence where the advisory guidelines range for revocation of supervised release was 4 to10 months); United States v. Brown, 772 F.3d 1262, 1267 (11th Cir. 2014) (affirming a 240-month sentence where the advisory guidelines range was 78 to 97 months).

About Rogers's sentence for violation of his supervised release, the district court explained that an above-guidelines sentence was necessary in the light of the nature and circumstances of the offense, Rogers's history and characteristics, and the need to protect the public from Rogers's future offenses. The record demonstrates that Rogers had prior convictions for receiving and attempting to receive child pornography, mailing obscene material, sexual battery, false imprisonment, kidnapping, and for armed robbery with a deadly weapon. Rogers also committed two separate violations of his supervised release, including committing a new criminal offense while on supervised release. On this record, the district court abused no discretion in determining that an above-guidelines sentence was warranted.

Rogers has also failed to demonstrate that the district court abused its discretion in imposing an above-guidelines sentence for Rogers's failure to update his SORNA registration. Rogers's criminal history supports the district court's characterization of Rogers as a "violent individual" and "an absolute predator and

sex offender." The conduct underlying Rogers's convictions for sexual battery, kidnapping, armed robbery, and armed robbery with a deadly weapon include that Rogers slashed the tires of a truck, struck a man with a glass bottle, and raped a woman. Rogers's later convictions for attempted receipt of child pornography and for mailing obscene material were based on Rogers having sent sexually explicit images to, and having requested similar images from, a person whom he believed was a 14-year old girl he had met in an online chatroom.

The district court also explained that an upward variance was necessary in the light of the nature and circumstances of the offense, as well as Rogers's continued violation of the terms of his supervised release, his complete lack of remorse,[3] and his lack of respect for the law. The reasons articulated by the district court for imposing an upward variance are sufficient to permit meaningful review. See United States v. Suarez, 939 F.2d 929, 934 (11th Cir. 1991). Viewing the record as a whole, we cannot say that Rogers's above-guidelines sentence was unreasonable or that "the district court committed a clear error of judgment in weighing the § 3553(a) factors." See Shaw, 560 F.3d at 1238.

AFFIRMED.

---

[3] We reject Rogers's argument that his lack of remorse was already accounted for in his guidelines range. In imposing a variance under section 3553(a), the court can permissibly consider conduct that already has been considered in calculating the guidelines range. See Williams, 526 F.3d at 1324.

11