[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14858
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20353-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE MCCLOUD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 16, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Willie McCloud appeals his 120-month sentence for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On appeal, McCloud argues that his sentence is procedurally and substantively unreasonable. He contends that the district court did not adequately explain the sentence and that the factors listed in 18 U.S.C. § 3553(a) do not support the sentence.

McCloud pleaded guilty to being a felon in possession of a firearm and ammunition, following an incident at a convenience store in which he attempted to walk out without paying for a one dollar beverage and removed a firearm from his waist band when the store clerk tried to stop him. At McCloud's 2016 sentencing hearing, the probation officer calculated a guidelines range of 70 to 87 months' imprisonment. The government moved for an upward variance and the district court granted it, sentencing McCloud to 120 months' imprisonment.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *See Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). When a defendant does not object to procedural reasonableness at the time of sentencing, we review for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). However, we review de novo a claim under § 3553(c)(2) that the district court did not explain the reason for a sentence

2

variance, even if the defendant did not object below.  *See United States v. Parks*, 823 F.3d 990, 994–96 (11th Cir. 2016).

In determining the reasonableness of a sentence, we "first ensure that the district court committed no significant procedural error," such as improperly calculating the guideline range or inadequately explaining the chosen sentence. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  We then examine whether the sentence was substantively reasonable in light of the "totality of the circumstances."  *Id.* "The party challenging the sentence bears the burden to show [that the sentence] is unreasonable in light of the record and the § 3553(a) factors."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

## I.

In sentencing a defendant, the district court must "set forth enough to satisfy the appellate court that [it] considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority."  *See Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).  However, a "district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (internal quotation marks omitted).  Rather, "[i]t is sufficient that the district court considers the defendant's

3

arguments at sentencing and states that it has taken the § 3553(a) factors into account." *Id.*

Under § 3553(c)(2), the district court is required to state in open court the specific reasons for a sentence "outside the [guideline] range." *See* 18 U.S.C. § 3553(c)(2). "[T]he district court's reasons must be sufficiently specific so that an appellate court can engage in the meaningful review envisioned by the Sentencing Guidelines." *Parks*, 823 F.3d at 997 (internal quotation marks omitted). However, in determining a district court's compliance with § 3553(c)(2), we "may consider the record from the entire sentencing hearing and need not rely upon the district court's summary statement [at the end of the hearing]." *See United States v. Suarez*, 939 F.2d 929, 934 (11th Cir. 1991).

McCloud's sentence is procedurally reasonable. The district court considered the parties' arguments, the presentence investigation report (PSI), and took the § 3553(a) factors into account. *See Sanchez*, 586 F.3d at 936. To the extent McCloud argues that the district court did not comply with § 3553(c)(2), the government's motion for a variance, the parties' arguments, and the court's summary statement discussing the sentencing factors allowed for "meaningful [appellate] review" in compliance with § 3553(c)(2). *See Parks*, 823 F.3d at 997; *Suarez*, 939 F.2d at 934.

4

II.

In considering the substantive reasonableness of a sentence, the district court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See id.* § 3553(a)(1), (3)–(7).

We vacate on substantive reasonableness grounds only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

McCloud's sentence is substantively reasonable. McCloud brandished a firearm over a simple one-dollar dispute and has a lengthy criminal history. Given

the nature of the offense and McCloud's criminal history, the district court's sentence does not lie outside the range of reasonable sentences dictated by the facts of the case. *See Irey*, 612 F.3d at 1190.

**AFFIRMED.**