[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10941
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00337-LSC-JHE-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEVON SHONDALE RUSSELL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 5, 2018)

Before MARCUS, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Devon Russell appeals the reasonableness of his 15-year term of supervised release, imposed after he pled guilty to three counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  After a review of the record and the parties' briefs, we affirm.

# I

In September of 2016, Mr. Russell made three sales of a mixture containing heroin to a confidential informant. Mr. Russell was charged with three counts of distributing heroin, and in October of 2017, he pled guilty to all three counts pursuant to a plea agreement. Mr. Russell's plea reserved the right to challenge a sentence in excess of the advisory guideline range.

At the sentencing hearing, the district court concluded that Mr. Russell had a criminal history category of VI, based on five prior adult convictions for possession of marijuana.  The district court also determined that the advisory guideline range was 30 to 37 months' imprisonment, and three years' supervised release.  The statutory maximum term of supervised release for each charge was life. *See* 21 U.S.C. § 841(b)(1)(C).

The district court heard from both the government and Mr. Russell's attorney, and ultimately sentenced Mr. Russell to 37 months of imprisonment, at the top end of the advisory guideline range, and 15 years of supervised release, in

excess of the guideline range. At sentencing, the district court stated that it was "greatly concerned that the high end [of the advisory guideline range for imprisonment] is insufficient" and that Mr. Russell's criminal history indicated that he had "no regard whatsoever for law and our society or the health of those that [he sold] drugs to." Doc. 28 at 6. The court also expressed "hope" that Mr. Russell would not "want to go back to prison because [he] will be an easy target for law enforcement to identify as being back in the business again." *Id.* at 7. At the end of the hearing, the district court asked both parties whether they objected to the findings of fact, the calculation of the sentence, or the manner in which the sentence was pronounced or imposed. Both the government and Mr. Russell's attorney answered that they had no objections. *Id*. at 9.

On appeal, Mr. Russell argues that the district court plainly erred by considering retribution, an improper sentencing factor, in determining his term of supervised release. He also contends that the district court failed to adequately explain its upward variance from the advisory guideline range. Finally, Mr. Russell also appears to briefly argue that his 15-year term of supervised release is substantively unreasonable.

## II

Using a two-step process, we ordinarily review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We first look for significant procedural error, such as miscalculating the advisory guideline range, treating the advisory guidelines as mandatory, failing to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), or failing to adequately explain a sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Thereafter, we review the sentence's substantive reasonableness for abuse of discretion, taking into account the totality of the circumstances and the § 3553(a) factors. *See United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).

Mr. Russell, however, did not object to the procedural reasonableness of his sentence below, so we review for plain error his argument that his sentence was procedurally unreasonable. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To prevail under plain-error review, Mr. Russell has to establish that "(1) the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *Id.* (internal quotation marks omitted).

We review *de novo* Mr. Russell's argument that the district court failed to adequately explain its variance from the advisory guideline range, even though he

4

did not object on this basis below. *United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016).

## III

In determining the length of a term of supervised release, the district court must consider certain of the § 3553(a) sentencing factors. *See* 18 U.S.C. § 3583(c). In relevant part, the factors that that the district court must consider are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [training or treatment]; . . . (4) the kinds of sentence and the sentencing range established for--(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; and (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . (5) any pertinent policy statement—(A) issued by the Sentencing Commission . . .; and (B) that . . . is in effect on the date the defendant is sentenced; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Two of the § 3553(a) factors are not listed as factors that the district court must consider under § 3583(c): the kinds of sentences available and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18

U.S.C. § 3553(a)(2)(A).  Indeed, the Supreme Court has instructed that "a court may *not* take account of retribution (the first purpose listed in § 3553(a)(2)) when imposing a term of supervised release." *Tapia v. United States*, 564 U.S. 319, 326 (2011).

Mr. Russell argues that the district court plainly erred by taking account of retribution in sentencing him to 15 years' supervised release.  In support of this contention, Mr. Russell points to the following statement of the district court at sentencing:

> Looking back at your record, it is clear to me that you have no regard whatsoever for law and our society or the health of those that you sell drugs to. I intend that the probation office will be checking up on you. And if you go back into the business of selling drugs or using drugs, I will know about it and I will take appropriate action when you get out of prison.

D.E. 28 at 6. We disagree with Mr. Russell that this statement demonstrates that the district court took account of retribution in determining his sentence. The district court's comments indicate that its sentencing decision was based on permissible sentencing factors, including Mr. Russell's criminal record, the need to deter him from committing future crimes, and the need to protect the public from further crimes. Therefore, the district court did not commit plain error in this regard.

Mr. Russell next argues that the district court committed procedural error by failing to explain his sentence, specifically the upward variance from the advisory guidelines' recommendation of three years' supervised release. The district court was required to state "in open court" the specific reason for imposing a sentence outside the applicable guideline range. 18 U.S.C § 3553(c).

Here, as outlined above, the district court stated that it was imposing the sentence based on Mr. Russell's criminal history ("[l]ooking back at your record, it is clear to me that you have no regard whatsoever for law and our society…") and the need for deterrence ("if you go back into the business of selling drugs or using drugs, I will know about it."). *See* D.E. 28 at 6. This explanation is "sufficiently specific so that an appellate court can engage in the meaningful review envisioned by the Sentencing Guidelines." *Parks*, 823 F.3d at 997 (quoting *United States v. Suarez*, 939 F.2d 929, 933 (11th Cir. 1991)). Therefore, the district court did not err.

Finally, Mr. Russell also appears to argue that his sentence was substantively unreasonable because his fifteen-year term of supervised release is well in excess of the advisory guidelines' recommendation of three years. When reviewing the substantive reasonableness of a sentence, we take into account the totality of the circumstances, including any variance from a relevant guidelines range. *See Gall*,

7

552 U.S. at 51.  As noted, our review here is for plain error given that Mr. Russell did not object below.

Our review of the record does not show that the district court failed to consider relevant factors that were due significant weight, gave significant weight to an improper factor, or committed a clear error of judgment in its consideration of the proper factors.  *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  The district court expressed concern that the top end of the advisory guidelines' recommended range was insufficient in Mr. Russell's case because of his criminal history, and it arrived at a sentence based on the § 3553(a) factors. Considering the totality of the circumstances, we find no plain error.

## IV

For the foregoing reasons, we affirm Mr. Russell's term of supervised release.

**AFFIRMED.**