[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 23-11894

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER JON BAUER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cr-14068-AMC-1

————————————————

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty to two counts of possession with intent to distribute controlled substances—specifically, fentanyl and methamphetamine—Christopher Jon Bauer was sentenced to 180-months' imprisonment, an upward variance from the Guidelines range of 130 to 162 months. He appeals, arguing that his sentence is both procedurally and substantively unreasonable. Finding no error, we affirm.

## I.

Procedurally, Bauer argues that the district court erred on three fronts. *First*, he claims that the court miscalculated his Guidelines range by declining to apply a two-level decrease to his offense level based on an amendment to the Guidelines that had not yet taken effect. Bauer's sentencing hearing occurred on May 22, 2023. U.S. Sentencing Guidelines § 2D1.1(b)(18) applies a two-level decrease to a defendant's offense level if he meets the "safety-valve" criteria listed in U.S.S.G. § 5C1.2(a)(1)–(5). On May 3, before Bauer's sentencing hearing, the Sentencing Commission promulgated an amendment to § 5C1.2(a)(1) to align its language with the amendments made to 18 U.S.C. § 3553(f)(1) by the First Step Act of 2018. *See* 88 Fed. Reg. 28254, 28264 (May 3, 2023). However, the § 5C1.2(a)(1) amendment did not take effect until November 1, after Bauer's sentencing. *See* 88 Fed. Reg. at 28254.

Bauer argues that he was eligible for a two-level decrease because he meets the post-amendment criteria in U.S.S.G. § 5C1.2(a)(1)–(5). However, he did not satisfy the pre-amendment version of § 5C1.2(a)(1), and substantive amendments to the Guidelines do not apply retroactively. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). The district court recognized as much, and appropriately excluded the § 2D1.1(b)(18) two-level decrease when calculating Bauer's Guidelines range. The court did not err by declining to apply an amendment to the Guidelines that had not yet taken effect.

*Second*, Bauer argues that the district court erred by refusing to consider Bauer's acceptance of responsibility as a mitigating factor. This is simply incorrect as a descriptive matter. When calculating Bauer's Guidelines range, the court applied a three-level decrease to Bauer's offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a), (b). It also specifically stated at the sentencing hearing, "I do appreciate your acceptance of responsibility." The court thus did consider Bauer's acceptance of responsibility.

*Third*, Bauer argues that the district court erred by failing to explain why an upward variance from the Guidelines range was justified. A court that departs from the applicable Guidelines range "must state the specific reasons for its departure" in enough detail "so that an appellate court can engage in the meaningful review envisioned by the Sentencing Guidelines." *United States v. Suarez*, 939 F.2d 929, 933 (11th Cir. 1991); *see* 18 U.S.C. § 3553(c)(2). The

district court here carefully explained how its upward variance rested on several factors, including Bauer's central role in a fentanyl-dealing conspiracy, his reckless, high-speed flight from law enforcement, his lengthy and violent criminal history, the need for more deterrence than the Guidelines range provided, and the exceptionally deadly nature of fentanyl.  This satisfied the court's burden of explanation under 18 U.S.C. § 3553(c)(2).

## II.

Bauer also argues that his 180-month sentence is substantively unreasonable.   We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023).  A court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."   *Id.* (quotation omitted).

Bauer argues that the court erred by imposing a variance that relied, in part, on sentencing factors already taken into account by his advisory Guidelines range.  But the "district court may consider facts that were taken into account when formulating the guideline range for the sake of a variance." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

And to the extent Bauer argues that the district court abused its discretion by giving too little consideration to the Guidelines range, we do not find that the court's sentence was unreasonable

23-11894              Opinion of the Court                    5

in light of the countervailing factors previously described.  So long as the record reflects that the court considered all the 18 U.S.C. § 3553(a) factors, the "weight accorded to each factor" lies within "the sound discretion of the district court." *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272 (11th Cir. 2014) (quotation omitted). Considering Bauer's criminal history, the severe nature of his drug crimes, and his flight from police, we cannot say that the district court abused its discretion by finding that a modest upward variance from the Guidelines range was warranted.

★     ★     ★

**AFFIRMED.**