**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12990
Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CRISTINO MENDOZA TORRES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:25-cr-00186-LCB-NAD-1

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Cristino Mendoza Torres brings this appeal challenging his 18-month sentence. Because the district court failed to explain its

decision to impose an upward variance, we vacate and remand for resentencing.

## I.

In March 2025, Mendoza Torres was pulled over on suspicion of drunk driving. Inside the car, police found a Ruger 9mm pistol. Mendoza Torres was arrested and charged with driving under the influence.

Soon after, Mendoza Torres, a Mexican citizen, was taken into the custody of U.S. Immigration and Customs Enforcement ("ICE"). An ICE officer found Mendoza Torres in possession of a fraudulent social security card and lawful permanent resident card. He was charged with and pleaded guilty to one count of possession of immigration documents procured by fraud in violation of 18 U.S.C. § 1546(a).

Mendoza Torres's sentencing hearing was brief. It lasted just over ten minutes; the hearing transcript filled less than ten pages. At the hearing, little was in dispute. The government and Mendoza Torres's counsel agreed that his offense level was four and his criminal history category was I, which yielded a Sentencing Guidelines range of zero to six months' imprisonment. The government requested a sentence of six months, at the top of the range, noting that Mendoza Torres had already been in custody for "approximately five months." Doc. 33 at 6.[1] His counsel had no objection to the government's request, "given how long he ha[d]

---

[1] "Doc." numbers refer to the district court's docket entries.

been in custody." *Id.* His counsel explained to the district court that Mendoza Torres obtained the fraudulent documents because he was told that he needed them to work, he had no "prior interactions with Customs and Border Patrol or ICE" until this case, and this case would result in "his first and only removal." *Id.* at 5–6. The government did not address these facts or any other facts about Mendoza Torres or his conduct.

After his counsel's brief comments, the court imposed a sentence of 18 months. The court said that it had "considered the guidelines computation" and "taken them under advisement." *Id.* at 8. It then recited that the sentence was

> sufficient but not greater than necessary to comply with the statutory purposes of sentencing and that it's reasonable considering the following sentencing factors found at 18 U.S.C. Section 3553(a): "[t]he nature and circumstances of the offense and the history and characteristics of the defendant," "to reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," and "to afford adequate deterrence to criminal conduct."

*Id.* (quoting 18 U.S.C. § 3553(a)). Beyond this statement quoting verbatim several of the § 3553(a) factors,[2] the court offered no

---

[2] Under § 3553(a), a district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just

explanation for its decision to impose a sentence three times longer than the top of the applicable guidelines range. The court said nothing to explain how the factors applied in this case. It did not say what information it had considered. It did not acknowledge that the sentence involved an upward variance.

Mendoza Torres objected to the sentence. The court overruled his objection.

After the sentencing hearing, the district court completed a written statement-of-reasons form. On the form, the court indicated that it had imposed an upward variance and relied on the § 3553(a) factors mentioned during the sentencing hearing. It did not further explain its sentencing decision.

This is Mendoza Torres's appeal.

## II.

We review the reasonableness of a defendant's sentence for abuse of discretion. *United States v. Henry*, 1 F.4th 1315, 1319 (11th Cir. 2021).

---

punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

### III.

Mendoza Torres argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its decision to impose an upward variance.

"A defendant challenging his sentence bears the burden of establishing that it is unreasonable." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). A sentence is procedurally unreasonable if the district court commits a "significant procedural error" such as failing to calculate or improperly calculating a defendant's guidelines range, treating the Sentencing Guidelines as mandatory, failing to consider the § 3553(a) sentencing factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).

We focus here on whether the district court committed a procedural error by failing to adequately explain the sentence. "Criminal defendants in federal court have the right to know the reason for their sentence so they can understand the process and challenge their sentence on appeal." *United States v. Steiger*, 99 F.4th 1316, 1321 (11th Cir. 2024) (en banc). Federal law requires a district court to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c).

Further, when the court imposes a sentence outside the guidelines range, it must state at sentencing "the specific reason for the imposition of a sentence different from" the guidelines range. *Id.* § 3553(c)(2). It must state its reasons "with specificity" in a

written statement-of-reasons form as well. *Id*. And when a district court imposes a sentence with a "major" variance from the guidelines range, it must provide a "more significant justification." *Steiger*, 99 F.4th at 1322.

Here, having imposed a sentence that was three times longer than the top end of the applicable guidelines range, the district court had to comply with § 3553(c)(2). Yet it failed to identify "the specific reason" why it varied significantly from the guidelines range. 18 U.S.C. § 3553(c)(2). The court merely recited some of the § 3553(a) factors. It said nothing that would explain how the factors applied to Mendoza Torres.

It is true that, when reviewing a district court's decision to impose an upward variance, we "may consider the record from the entire sentencing hearing and need not rely upon the district court's summary statement made at the closing of the sentencing hearing" to glean the court's reasons for imposing a variance. *United States v. Suarez*, 939 F.2d 929, 934 (11th Cir. 1991). Often, where the parties argued to the court about how the § 3553(a) factors applied to the facts of the case, we can understand from the court's reference to § 3553(a) factors the specific reasons why it imposed an upward variance. But the record in this case allows us to draw no such inference because, at sentencing, the parties agreed that an appropriate sentence was six months, which was at the top of the guidelines range. Given this agreement, there were no arguments about the § 3553(a) factors. The only facts mentioned at the sentencing hearing record were those offered by

25-12990                Opinion of the Court                    7

Mendoza Torres: that he obtained the fake social security and permanent resident cards because he was told he needed them to work and that he had not previously been apprehended by immigration authorities or removed. We cannot infer from this record the basis for the district court's decision to vary upward.

We conclude that the district court failed to adequately explain its basis for imposing an upward variance.[3] We therefore vacate and remand for resentencing.

**VACATED and REMANDED.**

---

[3] Mendoza Torres also argues on appeal that his 18-month sentence is substantively unreasonable. Because we conclude that the district court committed a procedural error in failing to adequately explain its decision to impose a variance and Mendoza Torres is entitled to a resentencing, we do not address whether the sentence was substantively reasonable.